# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| PATRICIA SOIKA,<br>*Plaintiff*,<br><br>v.<br><br>KERSTIN JONAS and JERROLD JONAS,<br>*Defendants*. | No. 3:18-cv-645 (VAB) |

## RULING AND ORDER ON DISCOVERY DISPUTE

On July 17, 2018, Patricia Soika ("Plaintiff") moved for a discovery conference and for a protective order allowing her to bring her daughter Janine Soika, her attorney-in-fact, or her primary caregiver, her daughter Karen Soika, to her upcoming deposition. Motion for Discovery Conference and/or Protective Order, dated July 17, 2018 ("Pl.'s Mot."), ECF No. 28. The Court granted the motion to the extent that it requested a discovery conference. Order, dated July 17, 2018, ECF No. 29.

On July 31, 2018, Kerstin Jonas (née Soika) and Jerrold Jonas ("Defendants") objected and cross-moved for a protective order barring Janine Soika or Karen Soika from attending the deposition. Objection and Cross-Motion for Protective Order, dated July 31, 2018 ("Defs.' Mot."), ECF No. 31.

For the following reasons, Ms. Soika's motion is **GRANTED IN PART AND DENIED IN PART**, and the Jonas' cross-motion is **DENIED**.

### I.     BACKGROUND

Familiarity with the prior proceedings in this action is assumed. Briefly, Ms. Soika sued Ms. Jonas and Mr. Jonas on April 16, 2018. Ms. Soika claims that after she executed a power of

attorney designating Ms. Jonas as her attorney-in-fact, Ms. Jonas and Mr. Jonas "engaged in a series of self-dealing transactions that involved the transfer of the substantial majority of [Ms.] Soika's assets to Defendants," leaving her unable to pay for her care as she ages. *Id.* ¶ 2. Ms. Soika seeks monetary damages and also asserts claims for, *inter alia*, breach of fiduciary duty unjust enrichment, conversion, and statutory theft. *Id.* ¶¶ 28–69.

Ms. Jonas and Mr. Jonas contend that Ms. Soika, who is elderly, is being unduly influenced in the conduct of these proceedings by Ms. Jonas's sisters, Janine and Karen Soika. who they allege removed Ms. Soika from her home in Connecticut against her express wishes. Defs.' Mot. at 1. They further assert that Ms. Jonas's sisters are now using this lawsuit in an attempt to obtain Ms. Soika's funds for their own use. *Id.* at 2. The deposition is critical to resolution of this dispute as Ms. Jonas has stated that her "primary and only goal in this matter is to hear from her mother, unimpeded and uninfluenced by her siblings, as to her mother's true wishes." *Id.* at 3. "To the extent that her mother states at her deposition, clearly and without apparent undue influence, that she wishes for those assets to be turned over to Karen and/or Janie, [Ms. Jonas] will do so." *Id.* at 3–4.

On July 17, 2018, Ms. Soika moved for a discovery conference, and for a protective order to allow Karen or Janine Soika to accompany her at the deposition. Pl.'s Mot. The Court granted the motion for a discovery conference only. Order, dated July 18, 2018, ECF No. 29. The Jonas' objected and cross-moved for a protective order excluding Karen and Janine Soika from the deposition. Defs.' Mot.

On August 2, 2018, the Court held a discovery conference on the motion and permitted the parties to file additional submissions on the motion. Minute Entry, dated Aug. 2, 2018, ECF No. 32. Ms. Soika filed an opposition to the cross-motion and reply in further support of her

motion. Pl.'s Opposition and Reply, dated Aug. 10, 2018, ECF No. 33. The Jonas elected not to submit additional briefing. Defs.' Notice of No Response, dated Aug. 13, 2018, ECF No. 35.

## II. STANDARD OF REVIEW

When a party moves for a protective order related to discovery in a civil action, "[t]he court may, on good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including "specifying terms, including time and place or the allocation of expenses, for the disclosure of discovery" and "designating the persons who may be present while the discovery is conducted." FED. R. CIV. P. 26(c)(1).

The Court's Local Rules provide that only certain persons are entitled to attend a deposition on oral examination: "the witness being deposed, the parties to the action, the parent of a minor deponent, counsel for the witness or any party, or any person who has been disclosed by any party as an expert witness in the case." D. Conn. L. Civ. R. 30(a). Any other person "shall, at the request of counsel for any party, or the witness, be excluded from the hearing room while the deposition of any person is being taken." *Id.* "Application for an exception to this rule may be made to the presiding Judge." *Id.*

## III. DISCUSSION

In her motion, Ms. Soika requested that the Court "issue a protective order pertaining to her deposition . . . to allow her attorney-in-fact or caregiver to be present during the deposition to provide physical assistance." Pl.'s Mot. at 1. Ms. Soika argues that she "suffers from substantial mobility impairment and often requires assistance to use the restroom or attend to her personal needs," and that she therefore requires "her attorney-in-fact (her daughter Janine Soika) or her primary caregiver (daughter Karen Soika) [to] sit in the deposition room to assist with any such personal needs that arise during the deposition." *Id.* at 2.

She argues that she "is entitled to have whomever she wants attend the deposition to provide support, absent a Court order to the contrary." *Id.* She further argues that "there can be no sequestration of witnesses from *depositions*—even fact witnesses—absent the issuance of protective order." *Id.* at 4 (citing *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998)). And she argues that under *In re Terra Int'l, Inc.*, "a person could be excluded from a deposition only when the party seeking exclusion shows 'good cause' and obtains a protective order before the deposition." *Id.* at 5 (citing *In re Terra Int'l, Inc.*, 134 F.3d at 306). Ms. Soika requests that, "[i]n light of Defendants' apparent intention to intimidate the elderly Plaintiff, and the potential for a non-productive argument at the outset of the deposition regarding the conduct of the deposition, Plaintiff requests that the Court enter a protective order preventing Defendants' counsel from attempting to exclude persons from the deposition of Plaintiff, and to ensure that Defendants' counsel provide adequate room in the deposition room for Plaintiff to have two persons plus her attorney present in the deposition room." *Id.* at 6. She requests in the alternative that "the Court enter a protective order allowing the deposition of Plaintiff to take place by written question, or, alternatively, by telephone or videoconference." *Id.*

Finally, Ms. Soika argues that "[i]f Defendants are concerned that Janine or Karen will interfere with the deposition, they have ample protections and legal recourse," including by deposing the other witnesses first, and if Defendants believe that Ms. Soika has been unduly influenced, "they have a variety of legal options—but manipulating the rules governing the conduct of discovery is not the remedy." *Id.* at 7.

Defendants object to Ms. Soika's motion for a protective order and cross-move "for a Protective Order to exclude Janine and Karen Soika from Plaintiff Patricia Soika's deposition, unless specific assistance is requested by the Plaintiff or her counsel." Defs.' Mot. at 1.

Defendants assert that Kerstin Soika believes that her mother "had been surreptitiously taken from her home in Ridgefield Connecticut against her will on September 4, 2017 and isolated from Kerry and her family by her siblings Janine and Karen Soika." *Id.* Defendants argue that Kerstin's "<u>primary</u> and <u>only</u> goal in this matter is to hear from her mother, unimpeded and uninfluenced by her siblings, as to her mother's true wishes." *Id.* at 3–4. Defendants argue that Ms. Soika accused Karen and Janine "of exploitation," and they "are concerned that Plaintiff's demand that Janine and Karen attend Pat's deposition is merely a pretext for them to seek to influence Pat's testimony, consciously or unconsciously, and to alter her reflection of events." *Id.* at 4. Defendants therefore seek to exclude Karen and Janine from the deposition.

After reviewing the parties' submissions and a transcript of a telephonic status conference that the Court held on July 3, 2018, and after holding a telephonic discovery conference, the Court orders that the following conditions will govern Ms. Soika's deposition.

First, the Court will not exclude Janine Soika or Karen Soika from attending the deposition with their mother, Patricia Soika, who all parties agree has some physical impairment issues. While the Local Rules ordinarily would require granting Defendants' request to have them excluded, this Court retains the authority to make an exception and given the physical issues recognized by all parties, an exception seems appropriate here. Defendants' cross-motion therefore is denied.

Second, while the Court will not exclude Janine Soika or Karen Soika from attending the deposition with their mother, neither Janine Soika nor Karen Soika may speak or otherwise participate in the deposition of Patricia Soika in any way. Patricia Soika has counsel and her counsel and her counsel only will represent her at the deposition. If Patricia Soika needs something during the course of the deposition, she will have to let her counsel know.

Third, if either Janine Soika or Karen Soika do speak or otherwise participate in the deposition of Patricia Soika, the Court will impose the appropriate sanctions for disobeying this Court's order, which may include the re-taking the deposition without their presence with costs borne by Patricia Soika and her counsel and/or permitting a negative inference to be drawn that this participation was prompted by a need to influence the testimony of the deponent and to obtain an unfair advantage in this case. FED. R. CIV. P. 30(d)(2) (permitting the court to impose an appropriate sanction on a person who "impedes, delays, or frustrates the fair examination of the deponent"); *see Friends of Animals Inc. v. U.S. Surgical Corp.*, 131 F.3d 332, 334 (2d Cir. 1997) ("When a party seeks to frustrate [the purpose of the Federal Rules' discovery provisions] by disobeying discovery orders, thereby preventing disclosure of facts essential to an adjudication on the merits, severe sanctions are appropriate."); *Ofoedu v. St. Francis Hosp.*, 234 F.R.D. 26, 33 (D. Conn. 2006) ("The Second Circuit has given district courts broad discretion to impose sanctions, including dismissal, on parties who fail to comply with discovery orders.") (citing *Daval Steel Prods. v. M/V Fakredine*, 951 F.2d 1357, 1365 (2d Cir. 1991)).

In order to facilitate court review of any issues relating to this Order, the Court is ordering the court reporter for the deposition of Patricia Soika to have available the names of all persons present in the deposition room before the deposition and to record and preserve for the Court's use any comments made by any individuals in the room, once the deposition has begun.

Ms. Soika's motion therefore is **GRANTED IN PART AND DENIED IN PART**, subject to compliance with the conditions set forth above. The Jonas' cross-motion is **DENIED**.

**SO ORDERED** this 5th day of October, 2018 at Bridgeport, Connecticut.

                                                /s/ Victor A. Bolden
                                                Victor A. Bolden
                                                United States District Judge